Robert J. Moore, Esq. Village Attorney, Port Jefferson
You have asked whether upon establishing the office of second village justice, the office may be filled by appointment until such time as an election can be held.
The village board of trustees by resolution or local law subject to permissive referendum may establish a second office of village justice, "which justice once elected shall have all the powers and duties of a village justice" (Village Law, § 3-301[2][a]). Such resolution or local law establishing this position
 "may provide for a single term of one, two or three years for such second village justice who shall serve a single term of one, two or three years, as provided in such resolution or local law, commencing on the first day of the official year following his election in order to provide that village justices shall thereafter be elected every two years." (Id., § 3-302[3].)
The plain meaning of the statutory language is to authorize the establishment of the office of second village justice, with the first incumbent to serve upon being elected to a term commencing on the first day of the official year following his election. An argument can be made that the Legislature by this language did not intend to preclude an appointment, but that its significance was to provide that the office is elective. However, this would have been unnecessary since section3-301(3) of the Village Law already provided that village justices are to be elected officers.* Moreover, the former Village Law authorized villages that had not established the office of police justice (now referred to as village justice) to "establish such office by resolution or ordinance, subject to permissive referendum" (Village Law of 1909, § 4-414). There was no language in the former law to the effect that the justice once elected would have the power and duties of police justice. Thus, in authorizing the office of second village justice as part of the current Village Law, the Legislature did not model the above provision dealing with the police justice, but added language which indicates an intent that the first incumbent be elected rather than appointed. We have found no other motive or purpose for such language. It is a rule of statutory construction that:
 "All parts of a statute must be harmonized with each other as well as with the general intent of the whole statute, and effect and meaning must, if possible, be given to the entire statute and every part and word thereof." (McKinney's Statutes, § 98[a].)
We note that Public Officers Law, § 30(2) provides "[w]hen a new or an additional office shall be created, such office shall for the purposes of an appointment or election, be vacant from the date of its creation, until it shall be filled by election or appointment." Reading this language together with sections 3-301(2)(a) and 3-302(3), we believe that once established, the office of second village justice can be filled at the next general or special village election (Village Law, §3-312[4]; Election Law, § 15-106).
We note that 1975 Op Atty Gen (Inf) 188 dealt primarily with the effective date of a resolution to establish the second office of village justice. An ancillary conclusion was that the office, once established, may be filled by appointment prior to the first election. In this limited respect, the prior opinion is hereby amended.
We conclude that upon establishing the office of second village justice, the office may not be filled by appointment until such time as an election can be held.
* This provision was carried over from section 4-406(6) of the former Village Law (1909) and predated the authorization to establish the office of second village justice which first appeared with the codification of the current Village Law (L 1972, ch 892).